

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MARK ANTHONY ORTEGA, | § |
| Plaintiff, | § |
| | § |
| vs. | §   Case No. |
| | § |
| SANDM ENTERPRISES, LLC and ALDO | § |
| MARIO SEVERINI LLANAS | § |
| Defendants. | § |
| | § |

SA26CA1868XR

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Complaint and Demand for Jury Trial against Defendants SANDM ENTERPRISES, LLC ("SANDM") and ALDO MARIO SEVERINI LLANAS ("Severini") (collectively "Defendants") to stop them from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls and text messages without consent to Plaintiff, who registered his phone number on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendants violated the Texas Telephone Solicitation Act ("TTSA") by making telemarketing communications to consumers in Texas.

Plaintiff also seeks injunctive and monetary relief for injuries related to Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

### PARTIES

1.    Plaintiff is an individual residing in this District.

2.    Defendant SANDM ENTERPRISES, LLC is a Texas limited liability company. SANDM's mailing address is 5001 Arrow Rdg, Marion, TX 78124, and its registered office is 22415 Roan Forest, San Antonio, TX 78259.

1

3.    Defendant ALDO MARIO SEVERINI LLANAS is an individual who, upon information and belief, resides in the State of Texas at 5001 Arrow Rdg, Marion, TX 78124.

## JURISDICTION AND VENUE

4.    This Court has personal jurisdiction over Defendants because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claims relates to the same telemarketing campaign as the TCPA.

5.    This Court has personal jurisdiction over the Defendants because the calls to Plaintiff were made into and received in this District.

6.    The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, in that the Defendants directed the calls at issue into this District.

## INTRODUCTION

7.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 § C.F.R 64.1200 (c)(2).

8.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

9.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

2

10. Plaintiff is an individual who was in Texas at all times relevant.

11. Plaintiff's telephone number is (210)-744-9663.

12. At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

13. Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

14. Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

15. Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

16. Plaintiff never provided Defendants with his express consent to be initially contacted.

17. Defendants SANDM ENTERPRISES, LLC and ALDO MARIO SEVERINI LLANAS offer, promote, and sell air duct cleaning services to consumers in Texas under various trade names, including but not limited to "San Antonio Duct Cleaners" and "Southern Air Duct Cleaning."

18. Defendants utilize telemarketing campaigns, including phone calls and text messages, to solicit new clients and sell their duct cleaning services.

19. Upon information and belief, Defendant Severini personally authorized, oversaw, directed, and managed this telemarketing campaign. Defendant Severini was actively involved in the day-to-day operations of generating leads, calling prospective customers, and sending technicians to consumers' homes. Defendant Severini directly participated in the failure to implement proper Do Not Call policies and the decision to continuously target Plaintiff's number.

20. Plaintiff never provided Defendants, or anyone acting on their behalf, with his express consent to be contacted for telemarketing purposes. Plaintiff has no prior or existing business relationship with Defendants.

21. Despite Plaintiff's listing on the National and Texas Do Not Call registries, Defendants, or agents acting on their behalf and at their direction, engaged in a harassing campaign of unsolicited telemarketing calls and text messages to Plaintiff's cellular phone.

22. On or around December 3, 2024, at or around 9:23 AM, Plaintiff received an unsolicited telemarketing call from Defendants from the number (210) 642-2702.

23. On or around August 6, 2025, at or around 3:01 PM, Plaintiff received another unsolicited telemarketing call from Defendants from the number (210) 688-9753 advertising duct cleaning services. Because telemarketers routinely hide their true corporate identities to avoid liability, Plaintiff feigned interest during this call for the sole purpose of investigating and uncovering the actual entity responsible for the unlawful calls.

24. On or around November 5, 2025, at or around 3:41 PM, and again on or around 3:51 PM, Plaintiff received unsolicited telemarketing calls from Defendants from the number (513) 399-4580.

25. Shortly thereafter, on or around November 5, 2025, at or around 3:54 PM, Defendants sent a telemarketing text message to Plaintiff's phone from (513) 399-4580. The message explicitly promoted their services, and finally revealed their identity to Plaintiff stating: "Southern air duct cleaning From San Antonio TX https://southernairductcleaning.com/".

26. Having successfully identified Defendants as the responsible party, Plaintiff immediately ended his investigation, responded to this text message on or around November 5, 2025, explicitly

revoking any presumed consent and demanding that the harassment stop, stating: "I'm not interested do not contact me anymore. I am on both the national and texas do not call lists."

27.    Despite this clear and unambiguous do-not-call request, Defendants willfully ignored Plaintiff's demand and sent an additional text message from the same number (513) 399-4580.

28.    Defendants' blatant disregard for Plaintiff's privacy continued the very next day. On or around November 6, 2025, at or around 4:17 PM, Defendants sent yet another text message to Plaintiff, this time utilizing the number (210) 642-2702. The message stated: "Hi, this is Roy the air ducts cleaning tec I'm about 10 min away".

29.    Frustrated by the continued harassment, Plaintiff again replied on or around November 6, 2025, stating: "Do not contact me I'm not interested and on the Texas and federal do not call lists".

30.    The calls and texts from Defendants, and those acting under Defendant Severini's direct supervision and control, demonstrate that Defendants entirely lack internal Do Not Call procedures, fail to train their personnel on Do Not Call compliance, or willfully choose to ignore the law to generate sales.

31.    The unauthorized telephonic communications that Plaintiff received from Defendants, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**

32.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff despite their numbers being on the National Do Not Call Registry.

34. Defendants' violations were negligent, willful, or knowing. Defendant Severini is directly liable as he personally authorized, oversaw, and participated in the telemarketing operations that directed the text messages and calls to Plaintiff after being notified Plaintiff was on the Do Not Call list and after Plaintiff explicitly texted "I'm not interested do not contact me anymore. I am on both the national and texas do not call lists." Defendant SANDM is directly and vicariously liable for the actions of its agent, Defendant Severini, and its other representatives.

35. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

36. Plaintiff is also entitled to seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers to Plaintiff in the future.

**COUNT II**
**Telephone Consumer Protection Act**
**(Violation of 47 C.F.R § 64.1200)**

37. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

38. Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

39.    On November 5, 2025, Plaintiff made an explicit and unambiguous do-not-call request directly to Defendant SANDM's telemarketing number, which was acting as an agent for

Defendant SANDM under the direction of Defendant Severini. Despite receiving this direct request, Defendant SANDM's representatives, on behalf of Defendant SANDM and Severini, placed at least two more communications (in the form of text messages) to Plaintiff's telephone number, and a dispatch text the following day stating a technician was "about 10 min away." This demonstrates that Defendants either failed to maintain an internal do-not-call list, failed to have a policy for honoring requests made to that list, or willfully disregarded such a policy, in direct violation of the regulations.

40.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5).

41.     Defendants have therefore violated 47 U.S.C § 227(c)(5). Defendant Severini is directly and personally liable because he personally oversaw, directed, and failed to halt the telemarketing campaign after the do-not-call request was received, causing the subsequent violating text messages to be sent. Defendant SANDM is directly and vicariously liable because it failed to implement and follow the required procedures, and because it is liable for the actions of its agents.

42.     As a direct and proximate result of Defendants' knowing and/or willful violations, Plaintiff is entitled to statutory damages of up to $1,500 for each and every call made in violation of the regulations.

**COUNT III**
**Violation of Texas Telephone Solicitation Act**
**Tex. Bus. & Com. Code Ann. § 305**

8

43.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 31 of this Complaint and incorporates them by reference herein.

44.    It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

45.    The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

46.    Defendants violated the TTSA by originating telephonic communications to Plaintiff, a person located in Texas, in violation of the TCPA and its implementing regulations as detailed in Counts I and II of this Complaint. Specifically, Defendants contacted Plaintiff's number despite it being on the National Do Not Call Registry and continued to contact him after he made a specific do-not-call request.

47.    Defendant Severini is directly liable under the TTSA as the person who personally directed, authorized, and originated the unlawful communications. Defendant SANDM is directly and vicariously liable as the entity on whose behalf the communications were made and for the actions of its agents.

9

48.    As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *See id.*

49.    To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

**COUNT IV**
**Violation of Texas Regulation of Telephone Solicitation**
**Tex. Bus. & Com. Code Ann. § 302**

50.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

51.    Section 302.101(a) of Texas Business and Commerce Code requires sellers that make a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

52.    Upon information and belief, Defendant SANDM is a "seller" as defined by the statute. In violation of the Code, Defendant SANDM, acting through its agent Defendant Severini and other representatives, made telephonic solicitations to Plaintiff, a person located in Texas, without holding the required registration certificate from the Texas Secretary of State at the time the calls were made. Plaintiff verified that as of March 6, 2026, Defendants are not registered as telephone solicitors in Texas.

53.    As a result of Defendants' conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is entitled to a maximum of $5,000.00 in damages for each violation.

54.    Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mark Ortega, prays for judgment against Defendants, jointly and severally where applicable, as follows:

a) For an award of statutory damages against Defendants, jointly and severally, pursuant to the TCPA, 47 U.S.C. § 227(c), in the amount of $500 for each and every call made in violation of the National Do Not Call Registry and the internal do-not-call regulations, to be trebled to $1,500 for each and every willful or knowing violation;

b) For an award of statutory damages against Defendants, jointly and severally, pursuant to the TTSA, Tex. Bus. & Com. Code § 305.053, in the amount of at least $500 for each and every violation, to be trebled for each and every willful or knowing violation;

c) For an award of statutory damages against Defendants, jointly and severally, pursuant to Tex. Bus. & Com. Code § 302.302(a), in an amount up to $5,000 for their violations of the Texas registration requirements;

d) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to Plaintiff, absent an emergency circumstance;

e) An award to Plaintiff of all reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred pursuant to Tex. Bus. & Com. Code §302.302(d);

f) An award to Plaintiff of damages, as allowed by law;

g) An award of pre-judgment and post-judgment interest, as allowed by law; and

h) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 6th day of March 2026.                     Respectfully Submitted,

Mark Anthony Ortega
PO Box 702099,
San Antonio, TX 78231
mortega@utexas.edu
(210) 744-9663